IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HOUSTON D. ROBINSON, #T2622**                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  1:05cv442LG-RHW**

**BILL CULPEPPER, KOSTA N. VLAHOS, AND JOHN DOE**                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

On September 23, 2005, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  The Plaintiff was warned in a notice of assignment from the Clerk that his failure to keep this Court advised of his current address could result in the dismissal of this action.  On October 25, 2005, an order was entered directing the Plaintiff to sign and return to this Court within thirty days, an Acknowledgment of Receipt and Certification or a Notice of Voluntary Dismissal.  On March 3, 2006, the envelope containing this order was returned by the postal service with a notation "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD."

Out of an abundance of caution, this Court entered an order on January 11, 2006, granting Plaintiff fifteen days to show cause as to why this cause should not be dismissed for his failure to comply with the October 25, 2005, order.   The order was sent to the Plaintiff at his last known address.  More than fifteen days have elapsed since the entry of that order, and to date, the Plaintiff has failed to comply or otherwise communicate with this Court.

It is apparent from the Plaintiff's failure to communicate with the Court, either to inquire as to the status of his case or to provide this office with his current address, that the Plaintiff  lacks

interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Link, supra*, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the Plaintiff's pleading, and has never appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion and order will be entered.

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE